# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

### Case No. 14-61978-CIV-COHN/SELTZER

CHRISTOPHER W. LEGG, Individually
and on behalf of all others similarly situated,

        Plaintiffs,

     -vs.-                                CLASS ACTION

SPIRIT AIRLINES, INC., a Delaware
corporation,

        Defendant.

---

## ALLIANZ GLOBAL RISKS US INSURANCE COMPANY'S EMERGENCY MOTION TO STAY OR CONTINUE MEDIATION SCHEDULED FOR AUGUST 19, 2015, WITH INCORPORATED MEMORANDUM OF LAW

---

Allianz Global Risks US Insurance Company, through its undersigned counsel, moves to stay or continue the mediation that is presently scheduled for August 19, 2015, and, as grounds, would show that:

1.      This is a class action alleging violations of the Fair and Accurate Credit Transactions Act amendment to the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*) by the Defendant, Spirit Airlines, Inc.

2.      Allianz Global Risks US Insurance Company ("Allianz") issued an Excess Comprehensive Airline Insurance Policy (the "Excess Policy") to the Defendant, Spirit Airlines, Inc.

3.      A mediation is scheduled in the above-captioned cause on August 19, 2015.[1]

4.      Allianz has filed a Motion to Intervene in the instant matter for the purpose of bringing this motion and to bring a separate motion to stay all proceedings so as to give the coverage issues a chance to be resolved, as required by *Higgins v. State Farm Fire & Cas. Ins. Co*., 894 So. 2d 5 (Fla. 2004).

5.      Spirit Airlines, Inc., ("Spirit") has failed to promptly cooperate with Allianz and has failed to provide Allianz with documents and information it needs to evaluate the substance of the instant claims of the class plaintiffs and the coverage issues that are invoked by the Allianz reservation of rights, and, thus, to prepare for and meaningfully participate in the scheduled mediation.  Nonetheless, Allianz is being urged by Spirit to attend the mediation by a claims representative with full, policy limits authority or to suffer the consequences of potential bad faith excess liability if not.

6.      Accordingly, Allianz respectfully requests that this Court enter and order staying or continuing the scheduled mediation that is presently set for August 19, 2015 so as to allow as resolution of the coverage issues as required by *Higgins v. State Farm Fire & Cas. Ins. Co*., 894 So. 2d 5 (Fla. 2004).

## I.      Factual and Procedural Background

Allianz issued an Excess Comprehensive Airline Insurance Policy (the "Excess Policy") to the Defendant, Spirit Airlines, Inc.  The Excess Policy, policy number A1AL000139314AM with effective dates of July 1, 2014, to July 1, 2015, provides

---

[1] On October 10, 2014, the Magistrate Judge entered an Order Requiring Mediation [Document Number 23]; however, that Order does not require mediation to be completed by any particular date, and upon information and belief, a prior mediation has been held in the case.

excess coverage with limits of $25,000,000 for each occurrence for "Liability Insurance Afforded Excess of Scheduled Underlying Insurances." The primary liability insurer for the Defendant, Spirit Airlines, Inc., is AIG, which provided coverage under its Specialty Insurance Company "Cyber Edge Security and Privacy" Liability Insurance Policy No. 016018211 (the "AIG Policy") with limits of $5,000,000. AIG is providing a defense for Spirit Airlines, Inc., in the above-captioned cause, subject to a reservation of rights.

The Allianz Excess Policy follows the form and coverages of the primary AIG Policy. In late April of 2015, Spirit notified Allianz that it would seek coverage for the claims asserted by the Plaintiff in the instant matter. Allianz contends that provisions and exclusions in its Excess Policy preclude coverage for Spirit Airlines, Inc., for the claims made by the Plaintiffs in the instant cause. Allianz formally reserved its rights to deny coverage under the Excess Policy.

On or about June 25, 2015, defense counsel for Spirit, Valerie Greenberg of Ackerman LLP ("Ackerman") and coverage counsel for Spirit, Robin Cohen of Kasowitz Bensen ("Kasowitz"), advised Allianz for the first time that this Court had granted class certification and that a mediation had been scheduled. At that time, Spirit first provided Allianz with copies of three reservation of rights letters issued by AIG and additional correspondence from Kasowitz to AIG and its counsel.

On July 1, 2015, Allianz advised Spirit Airlines, Inc., that a representative of Allianz would attend the mediation subject to a full reservation of rights. On July 16, 2015, Allianz issued its formal reservation of rights letter. On the same day, coverage counsel for Spirit Airlines, Inc., requested that Allianz Global Risks US Insurance

Company confirm that it would "participate in Spirit's defense, subject to its reservations and terms of its policy, if and when the limits of the AIG policy are exhausted."

The following day, July 17, 2015, Allianz responded that its letter appropriately sets forth its reservation of rights, stating that the Excess Policy had not been triggered and thus no duty to defend had arisen under the policy.  Allianz further explained that it was unable to comment further on the coverage position without additional information relating to the claims and reiterated its request for documents.

Coverage counsel for Spirit Airlines, Inc., responded to the reservation of rights letter on July 17, 2015, stating that Spirit could only provide limited information, and reiterated Spirit's demand for Allianz's participation in the mediation.  Coverage counsel for Spirit went on to state that Spirit reserves its right to invoke section 624.155(1)(b)(1) of the Florida Statutes as against Allianz (Florida's bad faith statute).

On July 21, 2015, Allianz reminded Spirit Airlines, Inc., that the Excess Policy had not been triggered and that until recently, Allianz had no knowledge of any settlement discussions that might implicate the Excess Policy. Allianz reiterated its request for documents, the majority of which were not privileged and would not impose any burden on Spirit to produce.

On July 24, 2015, Spirit's coverage counsel agreed to provide certain documents if Allianz agreed to keep them confidential.  Allianz confirmed that it would treat the non-public documents as confidential. Notwithstanding this, on July 30, 2015, Spirit Airlines, Inc., only produced a limited number of litigation-related documents that were for the most party publicly available on PACER. On August 3, 2015, Spirit produced

limited documents comprising a small subset of documents that previously had been produced to plaintiffs in this case.

On August 5, 2015, Spirit Airlines, Inc., refused to allow Allianz's monitoring counsel to review defense counsel files.

On August 6, 2015, Allianz's coverage counsel sent Spirit's coverage counsel a letter reiterating Allianz Global Risks US Insurance Company' position with regard to access to the documents.

Spirit is demanding that Allianz appear at a mediation on August 19, 2015 with full authority to settle that class action claims. Spirit's counsel has made threats to Allianz that Spirit will seek to hold it liable for excess damages under *Fla. Stat*. § 624.155.

By letter dated August 11, 2015, Allianz Global Risks US Insurance Company invoked the dispute resolution procedures in the AIG Policy, which provide as follows:

> It is hereby understood end agreed that all disputes or differences which may arise under or in connection with this policy, whether arising before or after termination of this policy, including any determination of the amount of **Loss**, must first be submitted to the non-binding mediation process as set forth in this Clause.

> The non-binding mediation will be administered by any mediation facility to which the **Insurer** and the **Named Entity** mutually agree, in which all implicated Insureds and the Insurer shall try in good faith to settle the dispute by mediation in accordance with the American Arbitration Association's ("AAA") then prevailing Commercial Mediation Rules. The parties shall mutually agree on the selection of a mediator. The mediator shall have knowledge of the legal, corporate management, or insurance issues relevant to the matters in dispute. The mediator shall also give due consideration to the general principles of the law of the state where the **Named Entity** is incorporated in the construction or interpretation of the provisions of this policy. In the event that such non-binding mediation does not result in a settlement of the subject dispute or difference:

(a)     either party shall have the right to commence a judicial proceeding: or

(b)     either party shall have the right, with all other parties consent, to commence an arbitration proceeding with the AAA that will be submitted to an arbitration panel of three (3) arbitrators as follows: (i) the implicated Insureds shall select one (1) arbitrator; (ii) the Insurer shall select one (1) arbitrator; and (iii) said arbitrators shall mutually agree upon the selection of the third arbitrator. The arbitration shall be conducted in accordance with the AAA's then-prevailing Commercial Arbitration Rules.

Notwithstanding the foregoing, no such judicial or arbitration proceeding shall be commenced until at least 90 days after the date the non- binding mediation shall be deemed concluded or terminated.

Allianz seeks an order allowing it to intervene in this case for the purposes of filing an emergency motion to stay the mediation scheduled for August 19, 2015, and for the purpose of filing a motion to stay all proceedings in the above-captioned cause pending the determination of the outstanding coverages issues as set forth in its motion to stay.

## II.     Legal Argument

District courts have broad discretion in managing their cases. *Chrysler Int'l Corp. v. Chenaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).  The broad discretion given to the court includes the management of pretrial activities such as discovery and scheduling. *Id.*, citing *Johnson v. Bd. of Regents of Univ. Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). In this case, the Court should exercise its broad discretion and stay or continue the August 19, 2015, mediation.

This matter involves potential liability which could be measured in tens of millions of dollars. The subject Excess Policy issued by Allianz Global Risks US Insurance Company has coverage limits of $25,000,000.   Spirit is demanding that

Allianz appear at a mediation on August 19, 2015 and has threatened to make a claim against Allianz for bad faith/extra-contractual damages pursuant to section 624.155 of the Florida Statutes.  Counsel for Spirit Airlines, Inc., makes these demands despite the timely and proper reservation of rights by Allianz. Faced with these facts, it is impossible for Allianz to meaningfully participate in the mediation on August 19, 2015.

There would be no prejudice to any party in allowing Allianz to stay the mediation.  The class plaintiffs have not been damaged.  They seek no compensatory or actual damages.  Spirit has itself filed a motion to stay the instant matter based upon *Spokeo, Inc., v. Robins*, 742 F. 3d 409 (9th Cir. 2014), *cert granted*, 135 S.Ct. 1892 (U.S. Apr. 27, 2015) (No. 13-1339). [Docket Entry 105].  The Order Requiring Mediation entered by the magistrate in this case did not require the parties to mediate the case on or before a date certain.  The mediation has not been previously stayed or continued by the Court.  The Supreme Court in *Higgins* has unequivocally stated that the coverage issues should be resolved first.

In the interest of efficiency and judicial economy, this Court should therefore stay or continue the mediation scheduled for August 19, 2015.

## III.    Conclusion

For all of the foregoing reasons, the Court should stay or continue the August 19, 2015 mediation.

WHEREFORE, Allianz Global Risks US Insurance Company respectfully requests that this Court enter an Order staying or continuing the mediation in this matter, currently scheduled for August 19, 2015.

I CERTIFY, pursuant to S.D. Fla. R. 7.1(a)(3), that I have conferred with counsel for all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in this motion and have been unable resolve the issues raised in the motion.

BUCKLEY LAW GROUP, P.A.

Michael B. Buckley, Esquire
Florida Bar Number 365734
mbuckley@buckleylawgroup.com
BUCKLEY LAW GROUP, P.A.
Attorneys for Allianz Global Risks US
Insurance Company
150 Second Avenue North
Suite 1200
St. Petersburg, Florida 33701
Telephone:      727.822.4800
Facsimile:      727.822.4845