UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61978-CIV-COHN/SELTZER (*Legg*)
CASE NO. 15-61375-CIV-COHN/ SELTZER (*Rosen*)

CHRISTOPHER W. LEGG,
individually and on behalf of
all others similarly situated,

    Plaintiff,

v.

SPIRIT AIRLINES, INC.,

    Defendant.

_____/

JOSEPH ROSEN,
individually and on behalf of
all others similarly situated,

    Plaintiff,

v.

SPIRIT AIRLINES, INC.,

    Defendant.

_____/

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, DIRECTING
NOTICE TO THE CLASS, AND SCHEDULING FAIRNESS HEARING**

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Preliminary Approval of Class Action Settlement [DE 117] ("Motion"). Defendant supports the relief requested in the Motion.[1] On June 10, 2015, this Court certified the following class in this matter:

---

[1] The parties have proposed different *cy pres* recipients for funds remaining after distribution, but otherwise agree to the relief requested in the Motion. DE 117 at 16. The Court shall hear arguments as to the proposed *cy pres* recipients at the fairness hearing.

> All individuals in the United States who: (i) made a payment to Spirit Airlines (ii) using a debit or credit card, and (iii) for which Spirit printed a point of sale receipt (iv) that displayed more than the last 5 digits of the card number (v) after August 29, 2012.
>
> Notwithstanding the foregoing, in compliance with 28 U.S.C. §455, this class specifically excludes persons in the following categories: (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eleventh Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

The Court has reviewed the Motion and the record in this case, and is otherwise advised in the premises. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

I.     **PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

     1.     The terms of the Settlement Agreement and Release, dated October 26, 2015, including all Exhibits thereto (the "Agreement"), attached to the Motion, are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. This Order incorporates herein, and makes a part hereof, the Agreement, including all Exhibits thereto. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein. The Agreement was entered into only after extensive arm's-length negotiations by experienced counsel and with the assistance and oversight of two mediators, the Hon. Wayne R. Andersen (Ret.) and Mark Buckstein, Esq. The Court finds that the settlement embodied in the Agreement (the "Class Settlement") is sufficiently within the range of reasonableness so that notice of the Settlement should be given as provided in paragraphs 5 and 6 of this

Order. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation.

## II. THE CLASS, REPRESENTATIVES, AND CLASS COUNSEL

2.  The Settlement Class is defined to match the Class certified by the Court. DE 64. However, excluded from the Settlement Class is any individual who properly opts out of the Settlement Class pursuant to the procedure described herein.

3.  The Court has already determined that Christopher W. Legg is an adequate to represent the Settlement Class. DE 64. For settlement purposes only, the Court also hereby preliminarily determines that Joseph Rosen is adequate to represent the Settlement Class.

4.  Pursuant to Fed. R. Civ. P. 23(g), the Court also has already determined that Mr. Legg's counsel, Scott Owens and Michael S. Hilicki, are adequate to represent the Class and appointed them Class Counsel. DE 64. For settlement purposes only, the Court also hereby preliminarily determines that Mr. Rosen's counsel, Thomas Lyons, is adequate to represent the Settlement Class as additional class counsel.

## III. NOTICE TO CLASS MEMBERS

5.  The Court has considered the Class Notice, attached as Exhibits 2 and 3 to the Agreement, including the proposed forms of notice, Summary Notice, Full Notice, and Settlement Claim Certification Form, and finds that the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and

satisfy the Constitutional requirements of notice. The Court approves the Notice Program in all respects (including the proposed forms of notice, Summary Notice, Full Notice, and Settlement Claim Certification Form) and orders that notice be given in substantial conformity therewith. The Notice Program shall commence no later than 45 days after entry of this Order, on or about **December 11, 2015** (the "Notice Deadline"). The costs of preparing, printing, publishing, mailing and otherwise disseminating the notice shall be paid from the Settlement Fund in accordance with the Agreement.

6. The Court appoints Epiq Class Action & Claims Solutions, Inc. as Claims Administrator. Responsibilities of the Claims Administrator shall include the following: (a) disseminating information, including the Class Notice, to Settlement Class Members concerning settlement procedures in the manner provided in the Notice Program; (b) receiving opt-out forms and documentation and processing and tabulating opt-out requests; and (c) receiving, processing, classifying, and paying claims as provided in the Agreement and pursuant to any applicable orders of this Court.

## IV. REQUEST FOR EXCLUSION FROM THE CLASS

7. A member of the Settlement Class who wishes to be excluded from the Settlement Class shall mail a written notice of exclusion to the Claims Administrator, so that it is postmarked no later than 60 days after the Notice Deadline, or **February 9, 2016** (the "Opt-Out Deadline"), and shall clearly state the following: (a) their name; (b) physical address; (c) phone number; and (d) e-mail address, and provide all such information as may be required by the Agreement or requested by the Claims Administrator. In addition, the Settlement Class Member requesting exclusion shall include a signed certification containing the following language:

> The undersigned individual hereby requests to be excluded from the settlement in Legg and Rosen v. Spirit and understands that I will not be entitled to receive any proceeds of the class Settlement Fund.

8. Any Settlement Class Member who submits a valid request for exclusion as set forth in paragraph 7 above shall not be bound by the Agreement, or the Order of Final Approval. Upon receipt, the Claims Administrator shall promptly provide copies of each notice of exclusion to Class Counsel and Counsel for Spirit.

9. Any Settlement Class Member who does not properly and timely mail a notice of exclusion as set forth in paragraph 7 above shall be automatically included in the Settlement Class, and shall be bound by all the terms and provisions of the Agreement, and the Order of Final Approval, whether or not such Settlement Class Member received actual notice or shall have objected to the Class Settlement and whether or not such Settlement Class Member makes a claim upon or participates in the Class Settlement.

**V.    PROOFS OF CLAIM**

10. To effectuate the Agreement and Class Settlement, and the provisions of the Notice Program, the Claims Administrator shall be responsible for the receipt of all notices of exclusion and Settlement Claim Certification Forms. The Claims Administrator shall preserve (on paper or transferred into electronic format) all notices of exclusion, Settlement Claim Certification Forms, and any and all other written communications from Settlement Class Members in response to the Class Notice for a period of five (5) years, or pursuant to further order of the Court. All written communications received by the Claims Administrator from Settlement Class Members

5

relating to the Agreement shall be available at reasonable times for inspection and copying by Class Counsel and Counsel for Spirit, including prior to payments being mailed to each Class Member.

11. In order to be entitled to participate in the Class Settlement, if effected in accordance with all of the terms and conditions set forth in the Agreement, each Settlement Class Member shall take the following actions and be subject to the following requirements:

A. A Settlement Class Member who wishes to receive a distribution from a Class Settlement must submit a properly executed Settlement Claim Certification Form to the Claims Administrator on or before the Claims Deadline, which is 60 days after the Notice Deadline, or **February 9, 2016.** If such Settlement Claim Certification Form is submitted by mailing via the United States Postal Service to the address indicated in the Class Notice, it shall be deemed to have been submitted as of the date postmarked. If such Settlement Claim Certification Form is transmitted in any manner other than the United States Postal Service, it shall be deemed to have been submitted on the date it is actually received by the Claims Administrator;

B. Each completed Settlement Claim Certification Form must contain the following information: (a) the Settlement Class Member's name; (b) physical address; (c) phone number (optional); (d) e-mail address to the extent they have one; and (e) an attestation, that the information provided is true and correct to the best of their knowledge and belief. If the Settlement Claim Certification Form is executed by a person acting in a representative capacity, that person must attest that he or she is

acting on behalf of a Settlement Class Member and that he or she has authority to act on behalf of the Settlement Class Member.

   C. Each Settlement Claim Certification Form shall be submitted to and reviewed by the Claims Administrator, who shall make a recommendation to Class Counsel about which claims should be allowed;

   D. The Claims Administrator will notify each Settlement Class Member who filed a Settlement Claim Certification Form of any recommendation of disallowance, in whole or in part, of the Settlement Claim Certification Form submitted by such Settlement Class Member and will set forth the reasons for any such disallowance. Settlement Class Members shall be permitted a reasonable period of time to cure any deficiency with respect to their respective Settlement Claim Certification Form that is identified. A copy of such notification shall also be sent by the Claims Administrator to Class Counsel;

   E. All Settlement Class Members who do not submit a timely Settlement Claim Certification Form, or submit a Settlement Claim Certification Form that is disallowed and not cured, shall be barred from participating in the Class Settlement (except to the extent that a Settlement Claim Certification Form may be partially allowed) but otherwise shall be bound by all of the terms and provisions of the Agreement;.

   F. Each Settlement Class Member who submits a Settlement Claim Certification Form shall thereby expressly submit to the jurisdiction of the Court with respect to the claims submitted and shall (subject to final approval of the Agreement and Class Settlement) be bound by all the terms and provisions of the Agreement.

**VI.   CONFIDENTIALITY**

12.     Any information received by the Claims Administrator that pertains to a particular Settlement Class Member, or information submitted in conjunction with a notice of exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to any other person or entity other than Class Counsel, Counsel for Spirit, and the Court, and shall otherwise be treated as provided for in the Agreement.

**VII.   FAIRNESS HEARING**

13.     A hearing on final settlement approval (the "Fairness Hearing") will be held on **April 8, 2016, at 9:00 a.m.** before this Court, at the United States District Court for the Southern District of Florida, U.S. Federal Building and Courthouse, 299 East Broward Boulevard, Courtroom 203E, Fort Lauderdale, Florida 33301, to consider, inter alia, the following: (a) the fairness, reasonableness and adequacy of the Class Settlement; (b) the dismissal with prejudice of the Litigation; (c) whether Class Counsel's application for attorneys' fees, expenses, and compensation for the Class Representatives (the "Fee Petition") should be granted; (d) whether to approve the proposed plan of allocation and distribution; and (e) whether to finally approve the Agreement, including the terms therein concerning release of claims by the Settlement Class and each of the Settlement Class Members.

14.     No later than **March 24, 2016**, Class Counsel shall file with the Court: (i) any memoranda or other materials in support of final approval of the Agreement and Class Settlement; and (ii) any Fee Petition.

15.     Any Settlement Class Member who has not filed a notice of exclusion in the manner set forth above and who has timely filed their objection may appear at the

Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court. However, no person shall be heard in opposition to the Class Settlement, dismissal or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless filed with the Court and served upon counsel listed below in Paragraph 16 on or before **February 9, 2016**. Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition on or before **February 9, 2016**, and (b) serve copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon all counsel listed below in Paragraph 16 on or before **February 9, 2016**. Settlement Class Members who object in the manner and by the dates provided herein shall be subject to the jurisdiction of this Court. Settlement Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

16. Counsel for the Parties who must be served with all documentation described above in Paragraph 15 are as follows:

>Counsel for the Settlement Class
>Michael Hilicki
>Keogh Law LTD
>55 W. Monroe Street
>Suite 3390
>Chicago, IL 60603
>
>Counsel for Spirit
>Valerie Greenberg
>Akerman LLP
>One Southeast Third Avenue

9

       25th Floor
       Miami, FL 33131

17. The date and time of the Fairness Hearing shall be set forth in the Notice and Summary Notice, but shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the Notice Program.

18. Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action. Such attorney shall serve a Notice of Appearance on the Counsel listed in Paragraph 16 above and file it with the Court on or before **February 9, 2016**.

19. Pending Final Approval, no Settlement Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Settlement Class), shall commence, continue or prosecute against any Spirit Release any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released upon Final Approval pursuant to the Agreement, and are hereby enjoined from so proceeding. Upon Final Approval, all Settlement Class Members who do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Agreement, and any such Settlement Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Agreement.

**VIII.   OTHER PROVISIONS**

20. Upon Final Approval, each and every term and provision of the Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

21. In the event the Class Settlement is terminated in accordance with the provisions of the Agreement, the Class Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Agreement, and without prejudice to the status quo ante rights of Plaintiffs and Spirit. Neither this Order nor the Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by any Party, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Agreement or the terms of this Order, or by any Party in connection with any action asserting Released Claims.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 27th day of October, 2015.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF