# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA FORT LAUDERDALE DIVISION

CASE NO. 0:14-cv-61978-JIC (*Legg*)
CASE NO. 0:15-cv-61375-JIC (*Rosen*)

CHRISTOPHER W. LEGG,
individually and on behalf of all
others similarly situated,

                Plaintiff,

v.

SPIRIT AIRLINES, INC., a Delaware
corporation,

                Defendant.

---

JOSEPH ROSEN, individually and on
behalf of all others similarly situated,

                Plaintiff,

v.

SPIRIT AIRLINES, INC., a Delaware
corporation,

                Defendant.

---

## OBJECTION OF KERRY ANN SWEENEY TO PROPOSED SETTLEMENT AND NOTICE OF INTENT NOT TO APPEAR AT FAIRNESS HEARING

NOW COMES, KERRY ANN SWEENEY by and through her undersigned counsel Patrick S. Sweeney, hereby files these objections to the proposed settlement in this matter.

### PROOF OF MEMBERSHIP IN CLASS

Upon information and belief and to the best of her recollection Kerry Ann Sweeney ("Objector") believes she is a member of the class as defined in that certain notice of class dated December 4, 2016 (sic) ("Notice"). She has filed a timely claim in this matter and her claim number is RJDOXFEN. Her address and is:

> Kerry Ann Sweeney
> 1223 20th Street
> Apt. 101
> Santa Monica, CA 90404

Further, all additional contact information is directed to the signature page of this document where Objector's counsel's contact information is contained. Objector hereby requests that all contract be directed at Objector's counsel.

### NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that neither she nor her undersigned counsel intend to appear at the Fairness Hearing presently scheduled for June 20, 2016 at 9:00 am EDT before Honorable James I. Cohn United States District Court

for the Southern District of Florida, U.S. Federal Building and Courthouse, 299

East Broward Blvd. Courtroom 203E, Fort Lauderdale, FL33301.

## REASONS FOR OBJECTING TO THE SETTLEMENT

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable nor adequate:

1. Claims administration process fails to require reliable future oversight, accountability and reporting about whether the claims process actually delivers what was promised. The proposed settlement orders no counsel, not various class counsel attorneys nor any defense attorney, (notwithstanding the large amount of attorney fees to be earned by the numerous law firms involved in this case), to monitor the settlement process to its ultimate completion.

    It would obviously be more prudent to withhold a portion of Class Counsel's fee until the entire distribution process is complete. Furthermore, it would also be judicious to require Class Counsel (and perhaps Defense Counsel as well) to report back to this Honorable Court with a final summary and accounting of the disbursement process (even if brief) in order to confirm that this matter has been successfully concluded and to allow this Honorable Court to "put its final stamp of approval" on the case.

    Objector is aware that this is not the "usual" procedure in Class Action proceedings. Nonetheless, Objector submits the proposed process is an improvement to the usual procedure, which is the status quo in Class Action cases. Objector states that nothing in the above proposed procedure violates the letter or spirit of the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715, (the "Act") Rule 23 F.R.C.P.(the "Rule") nor the body of case law developed (all three collectively referred herein as "Class Action Policy"). Accordingly, Objector hereby urges this Honorable Court to adopt such a procedure as a "best practice standard " for Class Action settlements.

2. No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing the settlement. Objector hereby contends that the withholding of a reasonable sum of awarded attorney fees would elevate the concerns raised herein regarding Paragraphs No. 1 above.

3. Attorney fees do not depend upon how much relief is actually paid to the Class Members. It appears that the proposed settlement will award Class Counsel its fee notwithstanding the amount of relief to Class Members. In any other area of the law when, awarding attorney fees, this practice would be considered inequitable at best and excessive at worse

4. The Objector states that in the 140 (Legg case) and 134 (Rosen case) Docket Entries very few entries were substantive in nature. In fact, only the Plaintiff's Complaint(s), and Defendant's Answer, had any significant legal basis to its content. The remaining entries are procedural in nature. There was no Motion to Dismiss filed in this case. There were no prolonged discovery disputes to sort out. There was no Motion for Summary Judgment to be defended. There was no trial. The combined 274 Docket Entries (many were nearly duplicative between the Legg case and the Rosen case) computes to an unfathomable $9,100.00 per Docket Entry. This is hardly the record of a case justifying Class Counsel's attorney fees in the amount of $2,500,000.00 plus expenses.

   It is also notable that the Settlement was reached in principal in approximately 12 months following the commencement of this action. Furthermore, Class Counsel's Memorandum of Law in Support of the Motion for Attorney's Fees appears to be a catalogue of cases whereby other lawyers were successful in obtaining excessive fee awards and not a compelling recitation of why the fees and costs are appropriate in this specific case.

5. The attorney fees and costs calculation is also unfair in that the percentage of the settlement amount is far too high. It is stated in the Notice that the cost and attorney fees are $2,500,000.00. That is thirty three percent per cent (33%) of the total settlement amount. This number on its face is simply too high. Moreover, if the percent is calculated as a percent of the actual dollars available to the Class Members then the percent becomes much higher. The attorney fees and costs, using this method, are sixty percent (60%) of the monies available to the Class Members. By

way of example, the Settlement Fund is $7.5 million dollars. Assuming the costs and expense of the litigation are $200,000.00 and administrative costs are $500,000.00 (the fact that Objector must make these assumptions points to the inadequate description of the Settlement in the Notice). The class representative award is $10,000.00 that means the net Settlement Funds available to the Class Members is $4,290,000.00. $2,500,000.00 is approximately 59% of the net Settlement Funds available to the Class Members.

6. No fee request is reasonable in the absence of documentation, including detailed billing records (not simply hourly rates of the professionals and hours accumulated), which can be evaluated by Class Members and the Court to determine the reasonable nature (or not) of the request.

7. Some *cy pres* procedure needs to be articulated so that Class Members and the Court can intelligently comment, object or approve the appropriateness of the *cy pres* procedure, recipient and potential amount of the *cy pres* distribution. The *cy pres* distribution and recipient should have a direct and substantial nexus to the interests of absent class members and thus properly provide for the 'next best distribution' to the class. Whatever method is used to arrive at determining an appropriate *cy pres* procedure and recipient can be a legitimate discussion between informed parties and therefore appropriate. Allowing the process to be determined solely by the Court at a later date does not allow the Objector to be able to determine if the settlement is fair and reasonable nor consistent with Class Action Policy.

8. The Objector hereby adopts and joins in all other objections that are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## CONCLUSION

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;

2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

3. Award an incentive fee to this Objector for her role in improving the Settlement, if applicable.

Dated:   June 20, 2016

By: _____
Patrick S. Sweeney, Esquire
Florida Bar No. 593486
2590 Richardson Street
Madison, WI 53711
Phone: 310-339-0548
Fax: 561-395-9390
patrick@sweeneylegalgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2016, I electronically filed the foregoing, with the Clerk of the Court of the United States District Court for the Southern District of Florida by using the USDC CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system, to wit:

        /s/
Patrick S. Sweeney