This Agreement ("Agreement") is made and entered into this 18th day of March, 2016, by and between (i) Objector Patrick S. Sweeney, his representatives, agents, attorneys, heirs, spouse, and any all persons affiliated with Patrick S. Sweeney with respect to the Litigation (collectively "Objectors"), on the one hand, and (ii) Carey, Rodriguez, Milian, and Gonya, LLP, Ahdoot & Wolfson, PC, and Siprut PC (collectively "Class Counsel"), on the other hand, for the purpose of reimbursement of the Objectors' attorneys' time and costs with respect to an objection interposed by the Objectors against the Settlement filed in *Chimeno-Buzzi, et al. v. Hollister Co., et al.*, Case No. 1:14-cv-23120-MGC (S.D. Fl.) (the "Litigation").

Unless otherwise defined herein, all capitalized words, phrases or terms set forth herein shall have the meaning set forth in the Settlement Agreement filed in the Litigation on September 10, 2015 as Docket Entry Number ("DE") 126. Objector and Class Counsel shall be collectively referred to as the "Parties" and separately referred to as a "Party".

## 1.     RECITALS

1.1     WHEREAS, on March 7, 2016, the Objectors filed an objection to the Settlement (DE 136) (the "Objection").

1.2     WHEREAS, on March 9, 2016, Plaintiffs filed a Response in Opposition to the Objection (DE 138) (the "Objection Response").

1.3     WHEREAS, on March 9, 2016, Plaintiffs filed a Motion for leave to take discovery from the Objectors (DE 137).

1.4     WHEREAS, Class Counsel contend that the Objection is entirely without merit.

1.5     WHEREAS, following review of the Objection Response, further meet and confer with Class Counsel regarding the merits of the Objection, and additional review of the Settlement and the documents filed in support thereof, the Objectors are satisfied, believe and contend that the Objection is without merit, and therefore agree to withdraw the Objection, while being reimbursed for attorneys' time and costs associated with lodging the Objection.

1.6     WHEREAS, the Objectors agree that nothing in this Agreement shall in any way affect any Judgment and Orders issued in the Litigation, the Settlement Agreement, and any finding that the Settlement is fair, reasonable and adequate.

1.7     WHEREAS, it is the intention of the Parties hereto to resolve all claims of Objectors, known and unknown, including but not limited to those related in any way to the Litigation, the Settlement, the Settlement Agreement in this Litigation, any Judgment in the Litigation, any Orders or Judgment issued in the Litigation, and to confirm the settlement of the claims for relief, causes of action and demands, whether presently known or unknown, arising out of, connected with or incidental to the dealings between the Parties up to and including the date of this Agreement, including without limitation on the generality of the foregoing, any and all claims

for relief, demands and causes of action that were, should have, or could have been set forth in the Litigation (or any Appeal therefrom) and any Judgment therein, and any Orders issued in the Litigation, and any and all claims for relief, causes of action and demands that could be asserted by Objectors against the Class, Defendant, the Plaintiffs, Class Counsel, and their respective agents, representatives or attorneys by reason of anything connected with the Litigation (or any Appeal therefrom) or any Judgment and any Orders issued in the Litigation, and any of the dealings among the Parties, the Plaintiffs, the Class, and the Class Counsel.

1.8     WHEREAS, this Agreement reflects a negotiated compromise executed for the purpose of resolving the dispute between the Parties, and is not intended and may not be construed as an admission of any fact, claim or defense asserted in the Litigation or any appeal of the Litigation or any Judgment and Orders issued in the Litigation.

NOW, THEREFORE in consideration of the mutual obligations and agreements contained herein, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

**2.     REIMBURSEMENT OF ATTORNEY TIME AND COSTS**

**2.1     Agreement to Withdraw Objection with Prejudice**

(a)     Objectors, and each of them, agree to immediately, upon execution of this Agreement, withdraw the Objection, with prejudice, by executing the Stipulation attached hereto as Exhibit A (the "Withdrawal").

(b)     Objectors, and each of them, agree not to (i) further object to the Settlement, any Judgment, or Orders issued in the Litigation, (ii) file any appeal in relation to the Litigation, the Settlement, and any Judgment or Orders issued in the Litigation, (iii) in any way attempt to appeal the Litigation, or (iv) in any way to attempt to further prevent or delay the final consummation and approval of the Settlement.

(c)     Objectors, and each of them, agree that in the event of any breach of this Agreement, to repay any payment made to them pursuant to this Agreement, and to pay the attorneys' fees and costs of Class Counsel and the Plaintiffs in responding to any action or filing or litigations by any of the Objectors with respect to the Litigation and any Judgments and Orders issued therein, including any appeal therefrom.

(d)     The Objectors, and each of them, warrant, represent and agree that no notice to the class is required under this Settlement Agreement. The Objectors, and each of them further warrant, represent and agree that approval of this Agreement by the or the Court is not necessary as all provisions of this Settlement Agreement are consistent with the terms of the Settlement Agreement and do not in any way change it, or in any way effect the relief available to the Class therein. Objectors, and each of them, represent and warrant that each have received independent legal advice from their attorney(s) with respect to the advisability of entering into this

Agreement. The Objectors, and each of them, represent and warrant that the total amount of their lodestar (attorney time multiplied by the hourly rate) and costs with respect to the Litigation is $17,500 (the "Objector Fees and Costs").

(e)   This Agreement shall also be conditioned on the execution of this Agreement by all Parties to this Agreement as listed on the signature pages attached hereto, and by the filing of the Withdrawal.

**2.2   Reimbursement of Attorney Time**

(a)   In the event all conditions to this Agreement, including but not limited to Section 2.1 herein, are satisfied, Class Counsel will, within ten (10) business days after the date Class Counsel receives the Attorneys' Fees Award, and only after payment of the Attorneys' Fees Award by Defendant, cause to be paid to the Objectors an amount equal to the ""Attorney Time Reimbursement Amount" as defined below.

(b)   The Attorney Time Reimbursement Amount shall be equal to $17,500 less the product of $42,575 and the "Adjustment Percentage." The Adjustment Percentage is the percentage by which the Attorneys Fee Award is below $3,333,333.33, if any. For example, and by way of illustration only, in the event the Attorney Fee Award is $1,666,666.66, the Adjustment Percentage would then equal 50%, and the Attorney Time Reimbursement Amount would then equal $8,750 [ (17,500)(.50) ].

(b)   Class Counsel shall have no obligation to pay the Attorney Time Reimbursement Payment unless and until Class Counsel receives the Attorneys Fees Award, the Stipulation attached hereto as Exhibit A is executed and filed in the Litigation, and Objector fully complies with the terms and condition of this Agreement.

(c)   Objectors agree that Class Counsel will have no further obligations to Objectors under this Agreement once the Attorney Time Reimbursement Payment is paid as set forth herein.

**2.3   General Release by Objectors**

(a)   In consideration of the preceding sections, and other valuable consideration, Patrick S. Sweeney and all of his current, former, and future agents, heirs, representatives, attorneys, assignees, insurers, trustees, subrogees, executors, and all persons or entities acting by, through, under or in concert with any of them (collectively, the "Objector Releasors") hereby release and forever discharge the Class, the Plaintiffs, Defendant, Class Counsel and each of their current, former, and future employees, representatives, agents, assignees, servants, independent contractors, predecessors, successors-in-interest, principals, shareholders, officers, owners, subsidiaries, related entities, affiliates, attorneys, directors, fiduciaries, administrators, partners, executors, subrogees, creditors, and all persons or entities acting by, through, under or in concert with any of them, and each of them (collectively, the "Released Persons"), from any and all suits,

claims, controversies, objections, liabilities, debts, damages, duties, demands, costs, expenses, losses, liens, actions and causes of action of every nature, character and description in law or in equity, whether presently known or unknown, vested or contingent, suspected or unsuspected, in law or in equity which they may currently have against the Released Persons, including but not limited to any claims and differences arising out of, connected with, or otherwise related to Objectors' relationship with the Released Persons and/or to any claims and differences arising out of, connected with, or otherwise related to the Litigation, any appeal thereto, any Judgment and Orders therein, the Settlement Agreement, and/or any Orders of the Court in the Litigation. Objectors, and each of them, covenant not to pursue any further claims they may have relating to the matters which are the subject of the Litigation, any appeal therefrom, Settlement Agreement and documents related thereto, any Orders of the Court or Judgment and Orders; all of which Objectors hereby fully release. Objectors specifically covenant not to prosecute an appeal of the Litigation or further object to the Settlement, and any Judgment and Orders or Orders of the Court. By signing this Agreement, Objectors specifically waive and forfeit any and all rights they have to prosecute an appeal of this Litigation or to further object to the Settlement, Judgment and Orders or Orders of the Court. The releases described herein shall supplement, and in no way diminish the Released Claims, as defined in the Stipulation of Settlement.

(b)     It is the intention of the Parties that the foregoing release in Section 2.3(a) herein shall be effective as a bar to all matters released herein. In furtherance, and not in limitation of such intention, the release described in Section 2.3(a) herein shall be, and shall remain in effect as a full and complete release, notwithstanding the discovery or existence of any additional or different facts or claims. To further effectuate this intention, Objectors, and each of them, acknowledge that they may hereafter discover facts in addition to or different from those which they now believe to be true with respect to the subject matter of the disputes and other matters herein released, but agree that they have taken that possibility into account in reaching this agreement and that the general release herein given shall be and remain in effect as a full, complete and general release notwithstanding the discovery or existence of any such additional or different facts, as to which they expressly assume the risk.

### 3.     REPRESENTATIONS AND WARRANTIES

3.1     The Parties represent and warrant that each signatory to this Agreement expressly warrants to the other Party that he, she or it has the authority to execute this Agreement on behalf of the party or parties to be bound by his, her or its signature, and on behalf of each and every principal or other owner of a legal, equitable or beneficial interest in such party or parties.

3.2     Objectors, and each of them, hereby warrant and represent that there has been no assignment, encumbrance, or other complete or partial transfer of all or part of any interest in any claim, right, act, damage, demand, debt, liability, note, accounting, reckoning, obligation, cost, right of action, claim for relief or cause of action released herein and further warrant and represent that they are legally authorized and entitled to settle and release every claim, right, act, damage, debt, demand, liability, note, accounting, reckoning, obligation, cost, right of action,

claim for relief or cause of action herein referred to and released.

    3.3    Each Party to this Agreement has made such investigation of the facts pertaining to this settlement and this Agreement and of all matters pertaining thereto as he, she or it has independently deemed necessary and appropriate. Each Party has read this Agreement and understands its contents.

**4.    GENERAL PROVISIONS**

    4.1    In entering into this Agreement, Objectors acknowledge that after further review of the Settlement documents, the Objection Response, and meet and confer with Class Counsel, that the Objection is without merit.

    4.2    This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Michigan.

    4.3    This Agreement is the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. Nothing in this provision shall be read to limit the scope, rights, or obligations of the Parties under the Stipulation of Settlement. This Agreement may not be amended orally in any way and may be amended only by an agreement in writing signed by all Parties hereto. No provision of this Agreement shall be modified or construed by any practice that is inconsistent with such provision, and failure by any Party to comply with any such provision or to require any other Party to comply with any provision shall not affect the rights of either to thereafter require the other Party to comply with that or any other provision.

    4.4    Each Party has participated, cooperated or contributed to the drafting and preparation of this Agreement. In any construction to be made of this Agreement, the same shall not be construed for or against any Party, but shall be construed fairly according to its plain meaning.

    4.5    It is the intent and agreement of the Parties that the terms of the Agreement, and the settlement provided for herein, shall remain strictly confidential. To that end, Objectors and Class Counsel represent and agree that they will not disclose (or cause or allow to be disclosed) to any third person or entity, except to Defendant and its counsel, without the prior written consent of each other: (a) the fact of the Parties' agreement; (b) the existence of this Agreement; (c) the versions of the Agreement, if any; (d) the consideration provided pursuant to this Agreement; (e) or any terms of this Agreement. This Agreement and all communications related hereto shall not be admissible in any proceeding, except as necessary to enforce the terms of this Agreement. Any violation of this confidentiality provision shall be considered a breach of this Agreement. In the event that any of the Parties breach or cause or permit a breach of this paragraph, irreparable harm shall have been incurred and the actual damages may be significant but difficult to determine with certainty. Accordingly, in the event that any Party breaches, or causes or permits a breach of this paragraph, the non-breaching Party or Parties

shall be entitled to an order enjoining further breaches by the breaching Party or Parties and awarding such damages or other relief as may be warranted by the facts and available in law or equity, including but not limited to return of the Settlement Payment. Notwithstanding the foregoing, the Parties may disclose the existence and/or terms of this Agreement in response to a valid subpoena, upon request by the Court in the Litigation, or as otherwise required by law, provided that Objectors, and Class Counsel notify each other of any such subpoena or legal requirement to disclose at least 14 days before such disclosure is required. Notwithstanding the foregoing, Class Counsel may disclose the Agreement or its terms to Representative Plaintiffs and any financial, tax or other professional advisors or attorneys of Class Counsel. The Objectors, Representative Plaintiffs, the Class Members, and the Class Counsel may disclose the existence and/or terms of this Agreement, but only as necessary to enforce the terms of this Agreement.

4.6     Any Party receiving any payment or consideration pursuant to this Agreement shall alone be responsible for the reporting and payment of any federal, state and/or local income or other form of tax on any payment or consideration made pursuant to this Agreement and Class Counsel shall have no obligations to report or pay any federal, state and/or local income or other form of tax on any payment or consideration made pursuant to this Agreement. Objectors shall furnish necessary W-9 or other tax forms to facilitate any payments required herein.

4.7     This Agreement may be executed in counterparts and when each Party has signed and delivered at least one counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one agreement which shall be binding and effective as to all Parties. This Agreement, to the extent signed and delivered by means of a facsimile machine, E-mail, or PDF, shall be treated in all manner and respects as an original agreement or instrument and shall be considered to have the same binding legal effect as if it were the original signed version thereof delivered in person. No Party hereto shall raise the use of a facsimile machine, E-Mail, or PDF to deliver a signature or the fact that any signature or agreement or instrument was transmitted or communicated through the use of these means as a defense to the formation of a contract and each such Party forever waives any such defense. Time is of the essence in this Agreement. All terms set forth herein are material.

4.8     This Agreement is binding upon and shall inure to the benefit of all Parties hereto, their agents, representatives, insurers, attorneys, accountants, advisors, partners, heirs, assigns, and successors and predecessors in interest.

4.9     Any controversy, claim or dispute arising under or pertaining in any way in connection with this Agreement, or breach thereof, shall be decided pursuant to the laws of the state of Michigan and through binding arbitration administered by the American Arbitration Association ("AAA") in Detroit, Michigan, in accordance with AAA's Commercial Arbitration Rules, and judgment on any award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

I have read the foregoing Agreement and I understand its contents. I have reviewed the entire document with my attorney and, understanding its terms and conditions, agree to abide by it.

**OBJECTORS**

_____
PATRICK S. SWEENEY

**CLASS COUNSEL**

**AHDOOT & WOLFSON, PC**

**CAREY RODRIGUEZ MILIAN GONYA, LLP**

_____
Robert Ahdoot

_____
David Milian

**SIPRUT, PC**

_____
Joseph J. Siprut

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| ANAMARIA CHIMENO-BUZZI, and LAKEDRICK REED, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HOLLISTER CO., and ABERCROMBIE & FITCH CO., <br><br> Defendants. | Case No. 14-cv-23120-MGC <br><br> Hon. Marcia G. Cooke, Presiding <br><br> Hon. Magistrate Edwin G. Torres |

## JOINT STIPULATION OF WITHDRAWAL OF OBJECTION OF PATRICK S. SWEENEY

Plaintiffs and Objector Patrick S. Sweeney ("Sweeney"), by and through undersigned counsel, hereby provide notice to the Court that the parties have agreed to terms for the withdrawal of Sweeney's Objection (D.E. 136) to the proposed settlement, which is set for a final approval hearing on March 30, 2016. Having thoroughly reviewed Plaintiffs' response in opposition to his Objection (D.E. 138), Sweeney now believes that his Objection is without merit, and has agreed to the immediate withdrawal of his Objection. This stipulation is intended to effectuate such withdrawal, and will in no way effect the Settlement or the relief to the Settlement Class.

Dated: March 21, 2016

By: /s/ Patrick S. Sweeney (with express permission)
Patrick S. Sweeney
2590 Richardson Street
Madison, WI 53711
Telephone: (310) 339-0548

*Objector appearing pro se*

Respectfully submitted,

By: /s/ David P. Milian
David P. Milian
*dmilian@careyrodriguez.com*
Frank S. Hedin
*fhedin@careyrodriguez.com*
**CAREY RODRIGUEZ
MILIAN GONYA, LLP**
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474

Facsimile: (305) 372-7475

Robert Ahdoot*
rahdoot@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Tel: 310.474.9111
Fax: 310.474.8585

Joseph J. Siprut*
jsiprut@siprut.com
Ismael T. Salam
isalam@siprut.com
**Siprut PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.241.1260

*Proposed Settlement Class*

Scott D. Owens
scott@scottdowens.com
Patrick C. Crotty
patrick@scottdowens.com
**SCOTT D. OWENS, P.A.**
3800 S. Ocean Drive, Ste. 235
Hollywood, FL 33019
Tel: 954.589.0588
Fax: 954.337.0666
*Liaison Counsel*

*Admitted Pro Hac Vice*

2

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF, and on all counsel or parties of record on the Service List below by electronic mail and by Fedex mail.

/s/ David P. Milian

## SERVICE LIST

**Patrick S. Sweeney**
2590 Richardson Street
Madison, WI 53711
310-339-0548
*Pro Se*