# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

**CASE NO. 0:14-cv-61978-JIC (*Legg*)**
**CASE NO. 0:15-cv-61375-JIC (*Rosen*)**

CHRISTOPHER W. LEGG,
individually and on behalf of all others similarly situated,

      Plaintiff,

v.

SPIRIT AIRLINES, INC., a Delaware corporation,

      Defendant.

JOSEPH ROSEN,
individually and on behalf of all others similarly situated,

      Plaintiff,

v.

SPIRIT AIRLINES, INC., a Delaware corporation,

      Defendant.

## PLAINTIFFS' RESPONSE TO THE OBJECTIONS FILED IN RESPONSE TO THE CLASS ACTION SETTLEMENT

Plaintiffs hereby respond to the two objections, one filed by a class member and the other filed by a non-class member that was subsequently withdrawn, to demonstrate why neither objection presents a basis to question the reasonableness of the outstanding Settlement submitted for final approval in this matter.

## I. THE "OBJECTIONS" SHOULD BE OVERRULED

### A. Mr. Jameson.

Only one class member filed an objection, Henry Jameson, but he does not challenge the settlement. Instead, he only complains that he thinks this lawsuit is a "waste of time." [*See* ECF 140]. However, as demonstrated in Plaintiffs' motion and memorandum in support of final approval, identity theft is a serious problem, FACTA is Congress's answer to this problem, and Congress intended FACTA to be enforced by lawsuits like this by creating a private right of action for statutory damages.

Regardless, general disapproval of the case and similar "philosophical" objections are inevitable in class actions, and thus "do not impugn the adequacy of the settlement itself." *Domonoske v. Bank of Am., N.A.*, 790 F.Supp.2d 466, 474 (W.D. Va. 2011). Mr. Jameson does not suggest there is any flaw in the settlement itself, or suggest any way to improve it. Accordingly, his objection should be overruled.

### B. Mr. Sweeney.

The only other objection was filed by attorney Patrick Sweeney, who was recently described by another member of this Court as a "professional objector." (Final Settlement Order, *Gay v. Tom's of Maine, Inc.*, 14-cv-60604-KMM (S.D. Fla. Mar. 11, 2016), at ¶14, attached as Exhibit A). In fact, when Mr. Sweeney attempted to file his appearance here, he instead accidently filed a confidential settlement agreement from another case in which he extorted $17,500 to withdraw his objection even though he admitted his objection was "without merit." [ECF 142, ¶1.5 and ¶2.2(b)]. In this case, Mr. Sweeney filed an objection on behalf of his daughter, Kerry Ann Sweeney [ECF 141], but she is not a class member, and thus has no basis to object. [ECF 146-2_ (Claims Administrator Declaration) at ¶13]. Recognizing this, eventually Mr. Sweeney withdrew the objection [ECF 144], but Class Counsel is nevertheless addressing it to dispel any doubt that the boilerplate Mr. Sweeney filed is applicable or has any merit.

#### 1. Sweeney Has No Standing to Object.

"Under Fed.R.Civ.P. 23(e), non-class members are not permitted to assert objections to a class action settlement." *Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 473 (S.D. Fla. 2002), *citing Gould v. Allen Co.*, 883 F.2d 281, 284 (4th Cir. 1989). The reason for this is that a stranger to the case has no stake in the outcome, and thus lacks standing to object. *See Raines v. State of Florida*, 987 F.Supp. 1416, 1418 (N.D. Fla. 1997) ("only the

parties to the settlement of a class action (plaintiffs, class members, and the settling defendants), have standing to object to the fairness of the settlement."); *Ass'n for Disabled Americans*, 211 F.R.D. at 474 ("like any plaintiff, Objectors must still possess a 'specific and concrete factual allegation of injury.'") (citation omitted). Consistent with this basic requirement, the Court's order granting preliminary approval to the settlement only permits "Settlement Class Members" to object. [ECF 118 at ¶15]. To be a Settlement Class Member, one must meet the class definition, which only includes persons who used a debit or credit card to make a payment to Spirit during the class period for which a point of sale transaction receipt was printed *that displayed more than the last 5 digits of the card number*. [ECF 118 at p.2, emphasis added].

Ms. Sweeney is not a class member because Spirit reprogrammed its airport kiosks to stop printing more than the last 5 digits of card numbers on transaction receipts on September 4, 2014 (in response to this lawsuit) [ECF 36-2 at ¶6], and Mr. Sweeney admits his daughter did not do business with Spirit until September 2015. (Sweeney Email, attached as Exhibit B). When confronted with these facts, which Mr. Sweeney would have known if he had examined the case record, Mr. Sweeney filed a notice of withdrawal of the objection. [ECF 144]. Thus, the objection is waived, and Mr. Sweeney's client has not met her burden of "prov[ing] that [s]he has standing to object (i.e., that [s]he is an aggrieved class member)." *In re Tracfone Unlimited Serv. Plan Litig.*, 2015 U.S. Dist. LEXIS 86719 at *35 (N.D. Cal. July 2, 2015) (collecting cases, including *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103-104 (1998)). Moreover, although Mr. Sweeney's *modus operandi* is to file objections to class settlements to hold them up so that he can extract a payoff – he accidentally filed one of his buy-off agreements in the record here [ECF 142] – it must also be noted that neither he nor his daughter got a penny here (and will never get a penny).

However, even if Mr. Sweeney's daughter had been a class member and he had not waived her objection, the objection is meritless and should be overruled, for several reasons.

### 2. Objections by Professional/Serial Objectors Deserve Little Weight.

A class member objector can sometimes provide assistance to the parties, the class and the Court by identifying a genuine problem in a proposed settlement. However, "serial" or "professional" objectors are a different matter. They file meritless objections just to extract payments for themselves by threatening years of delay and expense on appeal:

> Repeat objectors to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements. The

3

> larger the settlement, the more cost-effective it is to pay the objectors rather than suffer the delay of waiting for an appeal to be resolved (even an expedited appeal). Because of these economic realities, professional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose behalf the appeal is purportedly raised, gains nothing.

*Barnes v. FleetBoston Fin. Corp.*, No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072, *3-4 (D. Mass. Aug. 22, 2006); *see also Vollmer v. Selden,* 350 F.3d 656, 660 (7th Cir. 2003) (improper to file objection to "cause expensive delay in the hope of getting paid to go away").

The respected authors of Newberg on Class Actions observe that filing objections to class settlements has become a "big business." ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS 11:55 (4th Ed. 2008); *see also* § 15:37 (entitled Abusive Conduct by Counsel Objecting to Class Action Settlements). UCLA law professor William Rubenstein has written that "[t]his part of the profession has arguably attracted lawyers more interested in coercing a fee than in correcting a wrong." WILLIAM B. RUBENSTEIN, THE FAIRNESS HEARING: ADVERSARIAL AND REGULATORY APPROACHES, 53 UCLA L.REV. 1435, 1459 (2006) (citations omitted). Professor Ed Brunet bluntly characterizes professional objectors as "warts on the class action process" and "bottom feeders." EDWARD BRUNET, CLASS ACTION OBJECTORS: EXTORTIONIST FREE RIDERS OR FAIRNESS GUARANTORS, 2003 U. CHI. LEGAL F. 403, 409 (2003). After detailing the extortionist practices of some professional objectors, Professor Brunet observed that they "are as welcome in the courtroom as is the guest at a wedding ceremony who responds affirmatively to the minister's question, 'Is there anyone here who opposes this marriage?'" *Id.* at 408 n.21.

Accordingly, "when assessing the merits of an objection to a class action settlement, courts consider the background and intent of objectors and their counsel, particularly when indicative of a motive other than putting the interest of the class members first." *Dennis v. Kellogg Co.,* No. 09-cv-1786, 2013 U.S. Dist. LEXIS 163118, at *11 n.2 (S.D. Cal. Nov. 14, 2013); *In re Law Office of Jonathan E. Fortman, LLC*, No. 4:13MC00042, 2013 U.S. Dist. LEXIS 13903, at *3 (E.D. Mo. Feb. 1, 2013) (same).

### 3. Mr. Sweeney's Track Record Speaks for Itself.

Mr. Sweeney has been recognized as a professional and serial objector to class action settlements by a number of courts. *See, e.g.*, *Roberts v. Electrolux Home Prods., Inc.*, 2014 WL 4568632, at *11-15 (C.D. Cal. Sept. 11, 2014) (noting that Sweeney is a serial, professional

4

objector and overruling objections to consumer class action settlement because he and his counsel "do not seek to benefit the Class and appear to be made for the improper purpose of delaying the Settlement to extract a fee" and "not only ignore[] the allegations of the case and the positions of the Parties, but [are] meritless and demonstrate[] a failure to appreciate the fact that settlements are by necessity compromises"); *Larsen v. Trader Joe's Co.*, No. 11-cv-05188-WHO, 2014 WL 3404531, at *7 n.4 (N.D. Cal. July 11, 2014) ("[A]ttorney Patrick Sweeney also has a long history of representing objectors in class action proceedings."); *In re Checking Account Overdraft Litig.*, MDL No. 236, No. 09-md-02036-JLK (S.D. Fla. 2009), D.E. 3456, at 5 (identifying "Mr. Sweeney as a serial objector who filed objections to a number of the settlements previously approved in MDL No. 2036"); and *Colon v. Jaguar Land Rover, N. Am., LLC*, No. 1-06-CV-075163 (Cal. Super. Ct. 2006)).

Likewise, in a recently foray by Mr. Sweeney in this District, his attempt to hold up a settlement was rejected as "facially specious and without merit" because the objections he and his counsel filed were "the same recycled, boilerplate arguments they have previously (and unsuccessfully) used in the past in a number of other class action settlements." (Final Settlement Order, *Gay v. Tom's of Maine, Inc.*, 14-cv-60604-KMM (S.D. Fla. Mar. 11, 2016), attached as Exhibit A, at ¶14). Indeed, consistent with Mr. Sweeney filing an objection even though the public record showed that his daughter was not a class member, in *Gay* the Court found it "apparent that Sweeney and Weaver are unfamiliar with the actual pleadings and submissions in this case, as well as the substantive terms of the settlement at issue." *Id.* In short, Mr. Sweeney's track record of objecting to settlements for profit, without regard for the facts, warrants treating his comments with a healthy degree of skepticism even if he actually had a client with standing.

### 4. Mr. Sweeney's Contentions Are Substantively Meritless.

Mr. Sweeney's first objection is to assert the "Claims administration process fails to require reliable future oversight, accountability and reporting about whether the claims process actually delivers what was promised." [ECF 141, ¶1]. In other words, he claims a mechanism is needed to ensure the Claims Administrator pays out funds to the class as directed by the Court. This objection does not fit a settlement where all of the money will be paid out, but seems more applicable to a reversionary type settlement where money may go back to the defendant. Even then it would be baseless here because the Court appointed KCC (a large, nationally-recognized class settlement administrator) to administer the settlement. Also, Class Counsel is monitoring

the settlement, the Court already found Class Counsel to be up to the task when the Court ruled Class Counsel adequate at the class certification and preliminary approval stages [ECF 64, 118], nothing has changed to undermine that conclusion and, to the contrary, Class Counsel have gained experience since that time that makes them more effective.

Mr. Sweeney apparently questions the Court's judgment, because he suggests part of the fee award should be withheld to make sure Class Counsel follow the Court's orders, but his insinuation that a national class administrator or that Class Counsel would disobey the Court is baseless. Even he admits his proposal "is not the 'usual' procedure in Class Action proceedings." [ECF 141, ¶1]. But he states no basis to justify this unusual procedure here. He was simply grasping at straws to create the appearance he had accomplished something so he could then argue that he should be paid a fee in the event he couldn't extort money.

His second objection is that "No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing the settlement." [*Id.*, ¶2]. This is a rehash of part of the first objection, and should be rejected for the same reasons above.

His third objection is "Attorney fees do not depend upon how much relief is actually paid to the Class Members." [*Id.*, ¶3]. This claim ignores the Settlement's terms and is also contrary to the rule that values the settlement based on the amount made available to the class, and not the amount ultimately paid out. *See Poertner v. Gillette Co.*, 618 F. App'x 624, 631 (11th Cir. 2015) (unpub.) ("While no published opinion of ours extends Camden I's percentage-of-recovery rule to claims-made settlements, no principled reason counsels against doing so."); *see also Hamilton v. SunTrust Mortg., Inc.*, No. 13-60749-CIV-COHN, 2014 U.S. Dist. LEXIS 154762 at *19 (S.D. Fla. Oct. 24, 2014) ("A settlement's fairness is judged by the opportunity created for the class members, not by how many submit claims."). Regardless, in this case, *all* money net of fees, expenses and incentive payments approved by the Court will be paid to the class (if any settlement payments are not cashed and represent an amount too small to feasibly redistribute, that sum will be distributed to a *cy pres* recipient for the class). Not a penny reverts to Spirit. The proposed fee award reflects the total distribution of the net fund to the class.

Mr. Sweeney's fourth objection is his claim that very few docket entries in *Legg* and *Rosen* "were substantive in nature." [*Id.*, ¶4]. It is unclear how that this nebulous allegation is a critique of the settlement. But to the extent Mr. Sweeney is asserting the work involved does not justify the fees sought, the objection is baseless. For example, he suggests the docket does not

6

reflect discovery disputes, but there were no less than four discovery-related motions. [ECF 34, 51, 69, 86]. Likewise, the parties did brief substantive issues, including at class certification and Spirit's motion to stay the case. [ECF 94]. Regardless a docket never reflects all of the work needed (such as the 175,000 pages of documents reviewed or all of the work associated with depositions), and "docket entries" is not the yardstick for evaluating a fee request. More to the point, the extensive work the docket does show reflects the contingent nature of the fee, the time and out-of-pocket expenses risked with the chance of recouping nothing, the novelty of the questions presented, the difficulty of proving willfulness, the skill employed, the outstanding result, the fact that the Eleventh Circuit endorses the percentage method, and the fee awards in similar cases, all of which justify counsel's fee request. *See Camden I*, 946 F.2d at 772, n.3.

Mr. Sweeney's fifth objection is that the proposed percentage of the settlement for the fee award is "too high." [ECF 141, ¶5]. This objection ignores the law because the proposed one-third fee is squarely within the range of reasonableness in the Eleventh Circuit (which allows awards as high as 50%). *See Camden I Condo Ass'n v. Dunkle*, 946 F.2d 768, 774-775 (11th Cir. 1991) ("an upper limit [is] 50%"); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir.1999) (affirmed award of 33.3%); *Wolff v. Cash 4 Titles*, 2012 WL 5290155, at *6 (S.D. Fla. Sept. 26, 2012) (collecting cases and concluding that 33% is consistent with the market rate in class actions); *Gevaerts v. TD Bank, N.A.*, 2015 U.S. Dist. LEXIS 150354 at *29 (S.D. Fla. Nov. 5, 2015) (discussing the range of reasonableness for fee requests).[1] As further explained in the motion and memorandum in support of final approval, the percentage sought is also consistent with awards made in other consumer class action cases, as well as the superior results achieved here (the second highest all cash FACTA settlement in history).

His sixth objection is that counsel did not file timesheets for this case to support their fee request. [ECF 141, ¶6]. Once again, Mr. Sweeney ignores the law, which provides for awarding fees based on a percentage of the settlement fund in accordance with the *Camden I*, discussed

---

[1] *See also Checking Account Overdraft Litig.* 830 F. Supp.2d 1330, 1344 (S.D. Fla. 2011) ("Numerous recent decisions within this Circuit have awarded attorneys' fees up to (and at times in excess of) 30 percent. See *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185 (S.D. Fla. 2006) (awarding fees of 31 1/3 % of $1.06 billion); *In re: Terazosin Hydrochloride Antitrust Litigation*, 99-1317-MDL-Seitz, 2005 U.S. Dist. LEXIS 43082 (S.D. Fla. April 19, 2005) (awarding fees of 33 1/3 % of settlement of over $30 million); *In re: Managed Care Litig. v. Aetna*, MDL No. 1334, 2003 U.S. Dist. LEXIS 27228, 2003 WL 22850070 (S.D. Fla. Oct. 24, 2003) (awarding fees and costs of 35.5% of settlement of $100 million); *Gutter v. E.I. Dupont De Nemours & Co.*, 95-2152-Civ-Gold, 2003 U.S. Dist. LEXIS 27238 (S.D. Fla. May 30, 2003) (awarding fees of 33 1/3 % of settlement of $77.5 million); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291 (11th Cir. 1999) (affirming fee award of 33 1/3 % of settlement of $40 million).")

above. *Hamilton v. SunTrust Mortg., Inc.*, No. 13-60749-CIV-COHN, 2014 U.S. Dist. LEXIS 154762 at *20-*21 (S.D. Fla. Oct. 24, 2014) ("In the Eleventh Circuit, 'attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class.'"), *quoting Camden I Condo*, 946 F.2d at 774. Thus, the content of counsel's timesheets is not a factor.

His seventh objection is to demand a "procedure" for commenting on any *cy pres* distribution. [ECF 141, ¶7]. This objection is baseless because class members had 60 days to comment on the entire settlement, including the *cy pres* procedure described in §III.D.iii of the agreement (which is contingent and only comes into play if some settlement checks are uncashed and the amount is too small to redistribute to the class).

His final objection is to blindly "adopt" any other objections filed. [ECF 141, ¶8]. As shown, only one actual class member objected, and he offered no critique of the settlement. In sum, even if professional objector Sweeney's daughter had standing and had not waived her objection, Mr. Sweeney offers no legitimate basis for challenging any aspect of the Settlement

## II.   CONCLUSION

The outstanding Settlement in this matter deserves final approval for the reasons stated in Plaintiffs' motion and memorandum in support of final approval. Mr. Jameson is the only class member out several hundred thousand to make an objection, and he does not offer any basis for questioning the reasonableness of the Settlement. The objection filed by serial professional objector Patrick Sweeney on behalf of his non-class member daughter should be dismissed for lack of standing, and in any event it is irrelevant because it has been withdrawn and is substantively meritless.

                                            Respectfully Submitted

                                            */s/ Scott D. Owens*
                                            SCOTT D. OWENS, Esq.
                                            3800 S. Ocean Drive, Ste. 235.
                                            Hollywood, FL 33019
                                            Tel: 954-589-0588
                                            Fax: 954-337-0666
                                            scott@scottdowens.com

                                            Michael S. Hilicki (*pro hac vice*)
                                            Keogh Law, LTD.
                                            55 W. Monroe St., Ste. 3390
                                            Chicago, Il 60603
                                            312.374.3402 (Direct)

                                    312.726.1092 (Main)
                                    312.726.1093 (Fax)
                                    MHilicki@KeoghLaw.com
                                    www.KeoghLaw.com

                                    Thomas J. Lyons, Jr.
                                    Consumer Justice Center, P.A.
                                    367 Commerce Court
                                    Vadnais Heights, MN 55127
                                    Tel: (651) 770-9707
                                    Fax:(651) 704-0907
                                    tommy@consumerjusticecenter.com

## **CERTIFICATE OF SERVICE**

       **I HEREBY CERTIFY** that July 11, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this July 11, 2016, in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                   By: */s/ Scott D. Owens*
                                          Scott D. Owens, Esq.