UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:14-cv-60604-KMM

ALLISON GAY, SANDAHL NELSON,
MOLLY MARTIN, LORETTE KENNEY,
CLAUDIA MORALES, AND
GENEVIEVE GAMEZ,
Individually and on Behalf of All Others
Similarly Situated,

        Plaintiffs,

v.

TOM'S OF MAINE, INC.,

        Defendant.
_____/

## FINAL SETTLEMENT ORDER AND JUDGMENT

This cause is before the Court on the Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Application for Service Awards, and Class Counsel's Application for Attorney's Fees and Expenses. [D.E. 32]. Upon consideration of the Motion, it is hereby ordered and adjudged as follows:

    1.    This Judgment incorporates by reference the definitions in the Joint Stipulation of Settlement dated July 24, 2015 ("Agreement") and all capitalized terms used herein shall have the same meanings as set forth in the Agreement unless set forth differently herein.  The terms of the Agreement are fully incorporated in this judgment as if set forth fully herein.

    2.    The Court has jurisdiction over the subject matter of this action and all Parties to the Action, including all Settlement Class Members ("Class Members") who do not timely exclude themselves from the Class.  The list of excluded Class Members is attached hereto as Exhibit A.

**Class Certification**

3.     Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court hereby certifies the following Class:

> All individuals in the United States who purchased at least one Tom's of Maine Covered Product from March 25, 2009 through September 23, 2015. Specifically excluded from the Class are (i) those who purchased Covered Products for purpose of resale; (ii) those with claims for personal injuries arising from the use of Covered Products; (iii) Defendant and its officers, directors and employees; (iv) any person who files a valid and timely Request for Exclusion; and (v) the Judges to whom this Action is assigned and any members of their immediate families.

4.     Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such persons or entities who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Class Members bound by this Judgment.

5.     For settlement purposes only, the Court finds:

(a)     Pursuant to Federal Rule of Civil Procedure 23(a), Allison Gay, Sandahl Nelson, Lorette Kenney, Claudia Morales, Molly Martin, and Genevieve Gamez (collectively, "Plaintiffs") are members of the Class, their claims are typical of the Class, and they fairly and adequately protected the interests of the Class throughout the proceedings in the Action. Accordingly, the Court hereby appoints Plaintiffs as Class representatives;

(b)     The Class meets all of the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) for certification of the Class claims alleged in the First Amended Complaint filed by Plaintiffs, including (i) numerosity, (ii) commonality, (iii) typicality, (iv) adequacy of the class representative and Class Counsel, (v) predominance of common questions of fact and law among the Class for purposes of settlement, and (vi) superiority; and

(c)     Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, Class Counsel have fairly and adequately represented the Class for

purposes of entering into and implementing the settlement. Accordingly, the Court hereby appoints Class Counsel as counsel to represent Class Members.

6. Persons or entities who filed timely exclusion requests are not bound by this judgment or the terms of the Agreement and may pursue their own individual remedies against Defendant. However, such excluded parties are not entitled to any rights or benefits provided to Class Members by the terms of the Agreement. The list of persons and entities excluded from the Class because they filed timely and valid requests for exclusion is attached hereto as Exhibit A.

### Class Notice

7. The Court directed that notice be given to Class Members by publication and other means pursuant to the notice program proposed by the Parties in the Agreement and approved by the Court. The Affidavit of Jeffrey D. Dahl with Respect to Settlement Notice Plan, attesting to the dissemination of the notice to the Class, demonstrates compliance with this Court's Preliminary Approval Order. The Class Notice advised Class Members of the terms of the settlement; the Final Approval Hearing and their right to appear at such hearing; their rights to remain in or opt out of the Class and to object to the settlement; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class.

8. The distribution of the notice to the Class constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and any other applicable law.

**Approval Of Class Action Settlement**

9. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other persons that the settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Stipulation are the product of arm's-length negotiations conducted in good faith and with the assistance of an experienced mediator, the Honorable Peter J. Lichtman (retired). The Court has considered all objections to the Settlement and finds that such objections are without merit and should be overruled. Approval of the Stipulation will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

10. The Court has considered the objections of David A. Balz, Steven Franklyn Helfand, Samuel Goldstone, Patrick S. Sweeney, and Dawn Weaver, and finds those objections to be without merit. Thus, those objections are hereby overruled.

11. The first objection is from pro se objector David A. Balz. [D.E. 25]. Balz does not offer any specific criticism of the settlement terms in his objection, but merely expresses support for Tom's products and a general disagreement with the litigation. Such objections are insufficient to render a settlement inadequate. *See, e.g., Domonoske v. Bank of Am., N.A.*, 790 F. Supp. 2d 466, 474 (W.D. Va. 2011). Balz's objection is overruled.

12. The second objection is from Steven F. Helfand.[1] [D.E. 27]. First, Helfand objects to the Agreement's "clear-sailing provision." The fact that a settlement includes a "clear-

---

[1] Helfand, an attorney, is a well-known serial objector who has represented himself and third parties in objecting to multiple class action settlements. *See, e.g., Chavez v. Netflix, Inc.*, 75 Cal. Rptr. 3d 413, 423–24 (Ct. App. 2008); *Wal-Mart Stores, Inc. v. Buholzer*, 156 F. App'x 346, 347 (2d Cir. 2005); *Lane v. Facebook, Inc.*, 709 F.3d 791, 792 (9th Cir. 2013); *In re NVIDIA GPU Litig.*, 539 F. App'x 822, 823 (9th Cir. 2013); *In re WorldCom, Inc. Sec. Litig.*, No. 02 CIV 3288(DLC), 2004 WL 2591402, at *9 (S.D.N.Y. Nov. 12, 2004); *Hillis v. Equifax Consumer*

4

sailing" provision—where the defendant agrees that it will not contest counsel's fee request—is immaterial where, as here, "[t]here was no collusion in the settlement negotiations and the Parties began negotiations regarding attorneys' fees only after finishing negotiating the Settlement itself." *Fladell v. Wells Fargo Bank, N.A.*, No. 0:13-CV-60721, 2014 WL 5488167, at *4 (S.D. Fla. Oct. 29, 2014). Second, Helfand takes exception to the Class Notice and Claim Form. The Court, however, has already approved the form and content of these documents. Lastly, Helfand objects to the settlement's cy pres designee, Consumers Union. "The cy pres doctrine permits courts to distribute unclaimed settlement amounts to worthy charities, especially to charities whose purposes harmonize with the underlying lawsuit." *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1354 (S.D. Fla. 2011). Helfand's criticism of Consumers Union is unwarranted. As a non-profit organization whose mission "is to work for a fair, just and safe marketplace for all consumers and to empower consumers to protect themselves," [D.E. 32-4], Consumers Union is aligned with the consumer protection goals of this litigation. Indeed, Consumers Union has been approved by courts as the cy pres recipient in multiple consumer class action settlements.[2] Helfand's objection is overruled.

---

*Servs., Inc.*, No. 104-CV-3400-TCB, 2007 WL 1953464, at *2 (N.D. Ga. June 12, 2007); *Lane v. Facebook, Inc.*, 696 F.3d 811, 816 (9th Cir. 2012).

[2] *See, e.g.*, *Miller v. Ghiradelli Chocolate Co.*, No. 12–cv–04936–LB, 2015 WL 758094, at *8 (N.D. Cal. Feb. 20, 2015) (listing other cases approving Consumers Union as cy pres recipient in false-advertising lawsuits); *In re LivingSocial Mktg. & Sales Practice Litig.*, 298 F.R.D.1, 13 (D.D.C. 2013) (finding interests and activities of Consumers Union were "directly aligned with those advanced" in the lawsuit); *see also* Final Order and Judgment at ¶ 14, *In re Aurora Dairy Corp. Organic Milk Mktg. & Sales Practices Litig.*, No. 4:08-MD-1907-ERW (E.D. Mo. Feb. 26, 2013), D.E. 356 (alleging false advertising concerning "organic" claims); Final Order Approving Class Action Settlement at ¶ 7, *Trammel v. Barbara's Bakery, Inc.*, No. 3:12-cv-02663-CRB (N.D. Cal. Nov. 8, 2013), D.E. 70 (alleging false claims of "all natural" food products and incorporating terms of Settlement Agreement, D.E. 37); Order and Final Judgment Approving Class Action Settlement, Awarding Attorneys' Fees and Expenses, and Awarding Class Representative Service Awards at Ex. A, *Golloher v. Todd Christopher Int'l Inc. Dba Vogue Int'l*, No. 3:12-cv-06002-RS (N.D. Cal. Apr. 25, 2014), D.E. 79-1 (alleging false claims of

13. The third objection is from pro se objector Samuel Goldstone. [D.E. 33]. Like Balz, Goldstone merely expresses support for Tom's products and a general disagreement with the litigation. Again, such objections are insufficient to render a settlement inadequate. Goldstone's objection is overruled.

14. The last two objections are from professional objector Patrick S. Sweeney,[3] one in his individual capacity as a purported member of the class [D.E. 34] and the other as counsel for Dawn Weaver [D.E. 35]. Both the Sweeney objection and Weaver objection are facially specious and without merit. Sweeney's and Weaver's objections are the same recycled, boilerplate arguments they have previously (and unsuccessfully) used in the past in a number of other class action settlements. Indeed, much of the language from the Weaver objection was

---

"organic" hair and skin care products); Order Preliminarily Approving Class Settlement Agreement, Conditionally Certifying the Settlement Class, Providing for Notice, and Scheduling Order at 2, *Baharestan v. Venus Labs., Inc., dba Earth Friendly Products, Inc.*, No. 3:15-cv-03579-EDL (N.D. Cal. Nov. 5, 2015), D.E. 23 (alleging false claims of "natural" products and incorporating Class Settlement Agreement, D.E. 15-2).

[3] Sweeney has been recognized as a professional and serial objector to class action settlements by a number of courts. *See, e.g.*, *Roberts v. Electrolux Home Prods., Inc.*, 2014 WL 4568632, at *11-15 (C.D. Cal. Sept. 11, 2014) (noting that Sweeney and his counsel, Darrell Palmer, are serial, professional objectors and overruling objections to consumer class action settlement because they "do not seek to benefit the Class and appear to be made for the improper purpose of delaying the Settlement to extract a fee" and "not only ignore[] the allegations of the case and the positions of the Parties, but [are] meritless and demonstrate[] a failure to appreciate the fact that settlements are by necessity compromises"); *see also Larsen v. Trader Joe's Co.*, No. 11-cv-05188-WHO, 2014 WL 3404531, at *7 n.4 (N.D. Cal. July 11, 2014) ("[A]ttorney Patrick Sweeney also has a long history of representing objectors in class action proceedings."); *In re Checking Account Overdraft Litig.*, MDL No. 236, Case No. 09-md-02036-JLK (S.D. Fla. 2009), D.E. 3456, at 5 (identifying "Mr. Sweeney as a serial objector who filed objections to a number of the settlements previously approved in MDL No. 2036"); *Colon v. Jaguar Land Rover, N. Am., LLC*, No. 1-06-CV-075163 (Cal. Super. Ct. 2006). Weaver has also objected to various class action settlements around the country, oftentimes represented by Darrell Palmer, "who courts have 'widely and repeatedly criticized as a serial, professional, or otherwise vexatious objector.'" *Id.* ("Ms. Weaver's objections are similar to boilerplate objections made by Darrell Palmer that have been rejected by other courts.") (quoting *Dennis v. Kellogg Co.*, No. 09-CV-1786-L (WMc), 2013 WL 6055326, at *4 n.2 (S.D. Cal. Nov. 14, 2013) (listing other cases) (citations omitted)); *Wilkins v. HSBC Bank Nev., N.A.*, Case No. 14-cv-00190 (N.D. Ill.), D.E. 75 (objection by Weaver represented by Palmer).

taken directly from the Helfand objection. Like the Helfand objection, the arguments in the Weaver objection are meritless, filled with boilerplate language and unsubstantiated, conclusory statements attacking the settlement, notice procedures, class counsel's requested attorney's fees and costs, and certification of the settlement class. It is apparent that Sweeney and Weaver are unfamiliar with the actual pleadings and submissions in this case, as well as the substantive terms of the settlement at issue. Weaver's and Sweeney's objections are overruled.

## Injunction And Release Of Claims

15. Upon the Effective Date, the named Plaintiffs and each Class Member (other than those listed on Exhibit A) shall be deemed to have, and by operation of this Final Settlement Order and Judgment shall have, released all Released Claims as defined in the Agreement.

16. All Class Members who have not timely and validly submitted requests for exclusion are bound by this Judgment and by the terms of the Agreement.

17. The Court hereby dismisses with prejudice the Action, and the Released Parties are hereby released from all further liability for the Released Claims.

18. The Court enjoins all Class Members from (i) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on the Released Claims; (ii) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on claims made in this Litigation; (iii) pursuing any Released Claims; and (iv) attempting to effect Opt-Outs of

individuals or a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on the Released Claims.

### Attorney's Fees, Reimbursements of Costs, and Service Award

19. Plaintiffs in the Action initiated this lawsuit, acted to protect the Class, and assisted their counsel. Their efforts have produced the Agreement entered into in good faith that provides a fair, reasonable, adequate and certain result for the Class. Plaintiffs are each entitled to a service award of $2,000. Class Counsel is awarded $1,035,000.00 for reasonable attorney's fees, and $28,184.07 for reimbursement of reasonable and necessary expenses.

### Parties' Continuing Obligations

20. The Parties will provide the Court with an update regarding claims administration. Specifically, following the conclusion of the claims administration process, the Parties will provide the Court with information from the Settlement Administrator, including (i) the total number of submitted and valid claims; (ii) the average claim amount; and (iii) the aggregate amount of the checks cashed by Settlement Class Members.

21. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Stipulation, and all matters ancillary thereto.

22. The Court finds that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), and the Clerk is hereby directed to enter this Judgment forthwith.

23. The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Agreement, including

without limitation, the claim review procedure, that are consistent with this Judgment and do not limit the rights of Class Members under the Agreement.

Done and ordered in Chambers at Miami, Florida, this <u>11th</u> day of March, 2016.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: Counsel of record

# **Exhibit A**

| CLASS MEMBER NAME | ADDRESS | CITY | ST | ZIP | STATUS |
|---|---|---|---|---|---|
| MARTHA HELFAND | 2245 OLEADA CT | ENGLEWOOD | FL | 34224-9074 | VALID |
| ANN WICKERSHAM | 1000 WELLER CIR APT 227 | WESTMINSTER | MD | 21158-4341 | VALID |
| MISSY MOSSOR | 452 LITTLE WAY | MACFARLAN | WV | 26148-6458 | VALID |
| ANN PATTERSON | 725 DIETZ RD | RINGGOLD | GA | 30736-8327 | VALID |
| CHAYA STARK | 1437 E 27TH ST | BROOKLYN | NY | 11210-5308 | VALID |
| DONNA HARGROVES | 221 SUNSHINE CIR SW | MATTAWA | WA | 99349-1938 | VALID |
| JODI LAWSON | 45 HORSESHOE LAKE DR W | HUNTSVILLE | TX | 77320-0409 | VALID |
| SANDRA COVEART | 10 HANNAH CT | MIDLAND | MI | 48642-3615 | VALID |
| JOHN ZISKE | 604 GRANITEVILLE RD APT 111 | GRANITEVILLE | VT | 05654-8126 | VALID |
| ELIZABETH AGNE | 3817 N HUDSON DR | FLORENCE | AZ | 85132-3915 | VALID |
| JOHN RAASCH | 1960 LAS PALMAS LN APT 138 | LAUGHLIN | NV | 89029-1243 | VALID |
| JEAN WAGNER | 124 N MAPLE ST | KUTZTOWN | PA | 19530-1105 | VALID |
| MARIA LOU ERNEST | 315 BROOKLAWN DR | ROCHESTER | NY | 14618-2917 | VALID |
| CAREN HELMICH | 528 HARDIN AVE | JACKSONVILLE | IL | 62650-2949 | VALID |
| SANDRA LEIDICH | 9 READING DR APT 143 | WERNERSVILLE | PA | 19565-2023 | VALID |
| HAROLD KOCH | 11 MUIRFIELD RD | BEDFORD | NH | 03110-6120 | VALID |
| LUCILLE MCGILL | 545 FAIRBANKS RD | SPRING HILL | FL | 34608-6927 | VALID |
| TOM MCMURRAY | 19625 GILMAN SPRINGS RD | SAN JACINTO | CA | 92583-2100 | VALID |
| RALPH M LABBEE | 16 COOLIDGE AVE | TROY | NY | 12180-2702 | VALID |
| CASSANDRA KALI MARTIN | 719 N BUCHANAN ST | EDWARDSVILLE | IL | 62025-1213 | VALID |
| KATHRYN SCHOEMANN | 10251 W 44TH AVE UNIT 2-206 | WHEAT RIDGE | CO | 80033-2872 | VALID |
| PH CHAN | 1095 MAPLE CLIFF DR | LAKEWOOD | OH | 44107-1251 | VALID |
| PATRICIA DUNSTON | 2246 CHAMBERS LAKE LN SE | LACEY | WA | 98503-6916 | VALID |
| LAEL WILLARD | 1304 S LAUREL ST | PORT ANGELES | WA | 98362-7738 | VALID |
| LYNDA SUDLOW | 42 WOODWARD RD | PARSONSFIELD | ME | 04047-6526 | VALID |
| GREGORY FECTEAU | 1006 BRYCE LN | NIXA | MO | 65714-9028 | VALID |
| JAYNE KELLEY | 676 WAVERLY RD | DIMONDALE | MI | 48821-9642 | VALID |
| SARA SPOOR | 20 TAYLOR DR | SPRINGFIELD | VT | 05156-2216 | VALID |
| JANET OLDING | 5830 HIGHWAY 140 W | KLAMATH FALLS | OR | 97601-5698 | VALID |
| J. K. KEENER | 5945 ABRIANNA WAY APT H | ELKRIDGE | MD | 21075-7075 | VALID |
| REBECCA HARRIS | 42326 GATEWOOD ST | FREMONT | CA | 94538-4126 | VALID |
| EDITH MANN | 2942 COATES RD | PENN YAN | NY | 14527-8933 | VALID |
| JOEL BROWN | PO BOX 70001 | ROSEDALE | MD | 21237-6001 | VALID |
| PATRICIA WORTMAN | 36480 MINARD AVE | HASTINGS | IA | 51540-4083 | VALID |
| NICOLE HAUER | 1009 APPACHE TRL | PEGRAM | TN | 37143-5084 | VALID |
| JEROME LASZLOFFY | 10853 E STORIA AVE | MESA | AZ | 85212 | VALID |

| CLASS MEMBER NAME | ADDRESS | CITY | ST | ZIP | STATUS |
|---|---|---|---|---|---|
| NOEL COGSWELL | 31 WINDSOR ST | WATERBURY | CT | 06708-1901 | VALID |
| DEBORAH COOKE | 5933 E EASTRIDGE | APACHE JUNCTION | AZ | 85119-8976 | VALID |
| STACY BIRMINGHAM | 12707 CORNING DR | HOUSTON | TX | 77089-6135 | VALID |
| WILLIAM BAILEY | 128 SAVAGE RD APT 12A | MILFORD | NH | 03055-3147 | VALID |
| CAROLYN SANDERS | 312 SAINT LUCIE LN | FORT PIERCE | FL | 34946-1811 | VALID |
| MARGARET M DOUGHERTY | 136 N INDIANAPOLIS AVE | HERNANDO | FL | 34442-4818 | VALID |
| PAM JENNINGS | 136 W HIGHLAND AVE | WEST MONROE | LA | 71291-7021 | VALID |
| LENA HELMUTH | 8117 STATE HIGHWAY 96 | CARTHAGE | MO | 64836-7108 | VALID |
| MARIA SALANDRIA | 411 HAMPTON CRT | WEST CHESTER | PA | 19380 | VALID |
| LUCY ROBERSON | 1320 W BUFFALO ST | HOLBROOK | AZ | 86025-2234 | VALID |
| DOLORES MACKENZIE | 8 CENTRAL ST | WARWICK | RI | 02886-1204 | VALID |
| KATHRYN GILROY | 1432 SKYLINE DR | FULLERTON | CA | 92831-1867 | VALID |
| DEAN THOMPSON | 3950 TIMBERIDGE DR | IRVING | TX | 75038-4802 | VALID |
| FELICIA HELMS | 5103 NE RIO CT | ANKENY | IA | 50021-4934 | VALID |
| BRITTANY LEE | PO BOX 293 | LINCOLNDALE | NY | 10540-0293 | VALID |
| CARA SCHMIDT | 3919 MARKET ST | CLARKSTON | GA | 30021-2521 | VALID |
| LAURA TANNHAUSER | 1345 JUNIPER ST | MOUNTAIN HOME | ID | 83647-1951 | VALID |
| DIANN FIRACK | 81 E 22 MILE RD | PICKFORD | MI | 49774-9164 | VALID |
| FRANKIE MCCLURG | 314 HIGH MEADOW ST | NACOGDOCHES | TX | 75965-2400 | VALID |
| KAREN MCNEIL | 3707 STRAIGHTFORK DR | HOUSTON | TX | 77082-2924 | VALID |
| HAZEL SILVERA | 12427 COPPER MOUNTAIN BLVD | CHARLOTTE | NC | 28277-2987 | VALID |
| SUSAN HEFNER | 114 TIMBER HILLS RD | HENDERSONVILLE RD | TN | 37075 | VALID |
| WILLIS ANTHONY JOHNSON | 711 COSMOPOLITAN DR NE | ATLANTA | GA | 30324 | VALID |