UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61978-CIV-COHN/SELTZER (*Legg*)
CASE NO. 15-61375-CIV-COHN/SELTZER (*Rosen*)

CHRISTOPHER W. LEGG,
individually and on behalf of
all others similarly situated,

    Plaintiff,

v.

SPIRIT AIRLINES, INC.,

    Defendant.
_____/

JOSEPH ROSEN,
individually and on behalf of
all others similarly situated,

    Plaintiff,

v.

SPIRIT AIRLINES, INC.,

    Defendant.
_____/

**FINAL ORDER APPROVING SETTLEMENT, APPROVING PROPOSED ALLOCATION OF SETTLEMENT FUNDS, APPROVING CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS FOR CLASS REPRESENTATIVES, AND FINAL JUDGMENT**

**THIS CAUSE** is before the Court upon the Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees and Expenses [DE 146] ("Motion"). The Court has considered: (a) the Settlement Agreement and Release, including all Exhibits thereto [DE 117-1] ( "Agreement"), between the Plaintiffs, Christopher W. Legg and

Joseph Rosen, on behalf of themselves and the Settlement Class (as defined therein) and Defendant Spirit Airlines, Inc. ("Spirit"); (b) the proposed allocation and distribution of funds among the Settlement Class; and (c) Class Counsel's application for attorneys' fees, expenses, and an incentive award for the Class Representatives.  The Court also held a hearing on August 1, 2016, has considered all of the submissions and arguments with respect thereto, and is otherwise fully advised in the premises.  It is thereupon

**ORDERED AND ADJUDGED** as follows:

1. This Order of Final Approval and Judgment incorporates herein and makes a part hereof, the Agreement, including all Exhibits thereto.  Unless otherwise provided herein, the terms as defined in the Agreement shall have the same meanings for purposes of this Final Order and Judgment.

2. The Court has personal jurisdiction over the Class Representatives, Settlement Class Members, and Spirit for purposes of this settlement only, and has subject matter jurisdiction to approve the Agreement.

3. The Settlement Class matches the class previously certified by the Court:

> All individuals in the United States who: (i) made a payment to Spirit Airlines (ii) using a debit or credit card, and (iii) for which Spirit printed a point of sale receipt (iv) that displayed more than the last 5 digits of the card number (v) after August 29, 2012.
>
> Notwithstanding the foregoing, in compliance with 28 U.S.C. §455, this class specifically excludes (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eleventh Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

[ECF 118, p.2].

Excluded from the Settlement Class is any individual who properly opted out of the Settlement Class pursuant to the procedure described in the Agreement and this Court's Order Granting Preliminary Approval of Settlement, Directing Notice to the Settlement Class, and Scheduling Fairness Hearing [DE 118] ("Preliminary Approval Order").

4. The record shows that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the terms of the Agreement and Class Settlement, and Settlement Class Members' right to object to or exclude themselves from the Settlement Class and appear at the Fairness Hearing held on August 1, 2016; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and Fed. R. Civ. P. 23.

5. No individuals or entities, other than Tammy Clark, 5665 West Kelly Road, Lake City, MI 49651-8043, have timely excluded themselves from the Settlement Class. This Order shall have no force or effect on Ms. Clark.

6. The Court finds that extensive arm's-length negotiations have taken place in good faith between Class Counsel and Counsel for Spirit resulting in the Agreement.

7. The Court finds that the designated Class Representatives are appropriate representatives.

8. The Court has considered all of the factors enumerated in Fed. R. Civ. P. 23(g) and finds that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

9. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally **APPROVES** in all respects the Class Settlement set forth in the Agreement ("Class Settlement") and finds that the Class Settlement, the Agreement, and the plan of distribution as set forth in Section III.D of the Agreement, are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Class.  The objections have been considered and are hereby **OVERRULED**.

10. Except as otherwise provided herein, the Parties are hereby directed to implement and consummate the Class Settlement according to the terms and provisions of the Agreement.  The claims against Spirit on behalf of the Settlement Class in Christopher W. Legg v. Spirit Airlines, Inc., United States District Court for the Southern District of Florida, Case No. 14-61978-CIV-COHN/SELTZER, and Joseph A. Rosen v. Spirit Airlines, Inc., United States District Court for the Southern District of Florida, Case No. 1-61375-CIV-COHN/SELTZER (collectively, the "Litigation") are hereby **DISMISSED WITH PREJUDICE** and without costs to any party, except as otherwise provided herein.

11. The 549 claims that were postmarked after the June 20, 2016 deadline, as reported by the Claims Administrator, shall be treated has having been timely filed.

12. Upon the Effective Date of the Agreement, the Settlement Class, and each Settlement Class Member, shall release and forever discharge the Spirit Releasees (as defined in Section II.K of the Agreement) from their respective Released

Claims (as defined in Section II.R of the Agreement), consistent with Section VI of the Agreement.

13. Nothing in this Order of Final Approval and Judgment, the Class Settlement, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Spirit or any Spirit Releasee.

14. Class Counsel have moved pursuant to Fed. R. Civ. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

    (a) that the Class Settlement confers substantial benefits on the Settlement Class Members;

    (b) that the value conferred on the Settlement Class is immediate and readily quantifiable upon this Judgment becoming Final (as defined in the Agreement), Settlement Class Members who have submitted valid Settlement Claim Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Fair and Accurate Credit Transactions Act ("FACTA");

    (c) that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

    (d) that the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

(e) that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for Spirit, and was negotiated in good faith and in the absence of collusion;

(f) that during the prosecution of the claims in the Litigation, Class Counsel incurred expenses at least in the amount of $18,245.24, which included costs for expert witnesses and other expenses which the Court finds to be reasonable and necessary to the representation of the Settlement Class;

(g) that Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees plus reimbursement of reasonable costs and expenses incurred in the prosecution of the Litigation, in an amount of one-third of the Settlement Fund ($2,500,000), to be paid from the Settlement Fund;

(h) that no member of the Settlement Class submitted any objection to the award of attorneys' fees and expenses;

(i) that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. See, e.g., Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980); Blum v. Stenson, 465 U.S. 866, 900 n.16 (1984); and

(j) the requested fee award is consistent with other fee awards in this Circuit; See Waters v. Int'l Precious Metals Corp., 190 F.3d 1291, 1295–96 (11th Cir. 1999) (affirmed class attorneys' award of 33.3%) and e.g., Wolff v. Cash 4 Titles, No. 03-cv-22778, 2012 WL 5290155, at *6 (S.D. Fla. Sept. 26, 2012) (collecting cases and concluding that 33% is consistent with the market rate in class actions).

15. Accordingly, Class Counsel are hereby awarded $2,500,000.00 from the Settlement Fund, as their fee award which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.  Further, Class Counsel are hereby awarded $18,245.24 for their expenses which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.  Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded amongst and between Class Counsel.

16. The Class Representatives, as identified in the Preliminary Approval Order, are hereby compensated in the amount of $10,000.00 each for their efforts in this case.

17. For the reasons stated on the record at the Fairness Hearing on August 1, 2016, the third-party requests for reimbursement of expenses asserted to have been incurred in connection with responding to subpoenas in this matter shall be allowed only as follows: (a) American Express - $166.15; (b) Suntrust - $100.00; (c) U.S. Bank - $143.00; and (d) Fifth Third Bank - $166.15.  These amounts shall be paid by the Claims Administrator.  For the reasons stated on the record at the Fairness Hearing, Bank of America's request for $7,000.00 in attorneys' fees is disallowed.

18. Any settlement funds available to be distributed pursuant to the *cy pres* provisions of the Settlement Agreement shall be disbursed as follows: half to U.S. PIRG (Public Interest Research Group), and half to The Sedona Conference, Working Group 11, Data Security and Privacy Liability.

19. Without affecting the finality of this Order of Final Approval and Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and of this Order of Final Approval and Judgment, to protect and effectuate this Order of Final Approval and Judgment, and for any other necessary purpose.  The Class Representatives, all Settlement Class Members, and Spirit are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Agreement or the applicability of the Agreement, including the Exhibits thereto, and only for such purposes.  Without limiting the generality of the foregoing, and without affecting the finality of this Order of Final Approval and Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding.  Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

20. No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely elected to be excluded from the Settlement Class), shall commence, continue, or prosecute any action or proceeding against any or all of the Spirit Releasees in any court or tribunal asserting any of the Released Claims defined in the Agreement, and are hereby permanently enjoined from so proceeding.

21. For the reasons stated herein, the Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees and Expenses [DE 146] is **GRANTED**.

22. The Clerk of Court is directed to **CLOSE** these cases and **DENY as moot** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of August, 2016.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF